NOS. 12-06-00176-CR
          
12-06-00177-CR
 
IN THE COURT OF APPEALS 
 
TWELFTH COURT OF APPEALS 
DISTRICT
 
TYLER, 
TEXAS
MICHAEL VANCE VAUGHN,       §                      
APPEALS FROM THE THIRD
APPELLANT
 
V.        
§                      
JUDICIAL DISTRICT COURT OF
 
THE STATE OF 
TEXAS,
APPELLEE   §                      
ANDERSON COUNTY, TEXAS
                                                                                                                                                            

MEMORANDUM OPINION
PER 
CURIAM
            
Michael Vance Vaughn appeals the revocation of his deferred adjudication 
community supervision,  following 
which he was sentenced to imprisonment for ten years.  Appellant’s counsel filed a brief in 
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 
(Tex. Crim. App. 1969).  We 
affirm.
                                                

Background

            
Appellant was charged by indictment for hindering apprehension of 
prosecution and pleaded “guilty.”  
The trial court deferred adjudicating Appellant “guilty” and sentenced 
Appellant to community supervision for five years.  On March 1, 2006, the State filed a 
motion seeking to revoke Appellant’s community supervision alleging that he had 
violated certain conditions thereof.  
Specifically, the State alleged that Appellant (1) failed to report to 
the community supervision officer at the community supervision corrections 
department as ordered, (2) failed to perform community service restitution each 
week as ordered by the court, (3) failed to pay the Anderson County community 
supervision and corrections department a supervision fee as ordered by the 
court, and (4) failed to pay the clerk of the court a fine of $1,500.00 at the 
rate of $37.00 per month. 
            
On April 25, 2006, the trial court conducted a hearing on the 
matter.  Appellant pleaded “not 
true” to the aforementioned allegations in the State’s motion.  Ultimately, the trial court found the 
violations alleged in the State’s motion to be “true,” revoked Appellant’s 
community supervision, adjudicated Appellant “guilty” of hindering apprehension 
of prosecution, and sentenced Appellant to imprisonment for ten years.  This appeal 
followed.
 
Analysis 
Pursuant to Anders v. California
            
Appellant’s counsel filed a brief in compliance with Anders v. 
California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and 
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). 
Appellant’s counsel states that he has diligently reviewed the appellate record 
and is of the opinion that the record reflects no reversible error and that 
there is no error upon which an appeal can be predicated.  He further relates that he is well 
acquainted with the facts in this case.  
In compliance with Anders, Gainous, and 
High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), 
Appellant’s brief presents a chronological summation of the procedural history 
of the case and further states that Appellant’s counsel is unable to raise any 
arguable issues for appeal.[1]  We have likewise reviewed the record for 
reversible error and have found none.
                                    
                                                                        

Conclusion
            
As required by Stafford v. State, 813 S.W.2d 503 (Tex. 
Crim. App. 1991), Appellant’s counsel has moved for leave to withdraw.  We carried the motion for consideration 
with the merits of this matter.  
Having done so and finding no reversible error, Appellant’s counsel’s 
motion for leave to withdraw is hereby granted and the 
trial court’s judgment is affirmed.
Opinion delivered January 24, 
2007.
Panel consisted of Worthen, C.J., Griffith, J., and 
Hoyle, J.
 
(DO NOT PUBLISH)




[1] Counsel for Appellant certified in 
his motion to withdraw that he provided Appellant with a copy of this 
brief.  Appellant was given time to 
file his own brief in this cause.  
The time for filing such a brief has expired and we have received no pro 
se brief.